# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

FYI MEDIAWORLD PHOTOGRAPHIC, *et al.*,

    Plaintiffs,

v.

BEVEE, LLC, *et al.*,

    Defendants.

Case No. 2:14-cv-00541-LDG (PAL)

**ORDER**

    The plaintiffs, FYI mediaworld Photographic and Frank Illes, filed the instant complaint against defendants Bevee, LLC, Sasha Muir, and DT Levy, alleging that the defendants infringed Illes' copyrights on certain photographs. The defendants now move to dismiss for lack of personal jurisdiction or improper venue (#11). Alternatively, the defendants request that the matter be transferred to the United States District Court for the Western District of Washington. The plaintiffs oppose the motion (#14).

<u>Motion to Dismiss</u>

    Pursuant to Fed. R. Civ. P. 12(b)(2), the Court may dismiss a complaint for lack of personal jurisdiction. Nevada's long-arm statute allows jurisdiction in Nevada courts "over a party to a civil action on any basis not inconsistent with the constitution of this state or the

Constitution of the United States." NRS 14.065(1); *Graziose v. American Home Products Corp.*, 161 F. Supp.2d 1149, 1152 (D. Nev. 2001).  The statute has been "liberally construed to reach the outer limits of federal Constitutional Due Process." *Id.*  "A court may exercise personal jurisdiction over a defendant consistent with due process only if she or he has 'certain minimum contacts' with the relevant forum 'such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Menken v. Emm*, 503 F.3d 1050, 1056 (9th Cir. 2007) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).  The Ninth Circuit has established a three-prong test for analyzing a claim of specific jurisdiction:[1]

(1)  The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

(2)  The claim must be one which arises out of or relates to the defendant's forum-related activities and;

(3)  The exercise of jurisdiction must comport with fair play and substantial justice, that is, it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 802 (9th Cir. 2004).

The plaintiff bears the burden of satisfying the first two prongs, after which the burden shifts to the defendant to "present a compelling case" that the exercise of jurisdiction in Nevada would not be reasonable.  *Bancroft & Masters v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000).  Under *Calder v. Jones*, 465 U.S. 783, the first prong of this test for "personal jurisdiction can be based upon '(1) intentional actions, (b) expressly aimed at the forum state, (c) causing harm, the brunt of which is suffered–and which the defendant knows is likely to be suffered--in the forum state.'" *Panavision Intern.,*

---

[1] The plaintiffs concede that they have not alleged that the defendants' activities in Nevada are substantial or continuous and systematic, and thus general personal jurisdiction is not at issue.

2

*L.P. v. Toeppen*, 141 F.3d 1316, 1321 (9th Cir. 1998) (quoting *Core-Vent Corp. v. Nobel Industries AB*, 11 F.3d 1482, 1486 (9th Cir. 1993)); *Washington Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 673 (9th Cir. 2012). "[A]n intentional act is an external manifestation of the actor's intent to perform an actual, physical act in the real world, not including any of its actual or intended results." *Washington Shoe*, 704 F.3d at 674. "Because the harm caused by an infringement of the copyright laws must be felt at least at the place where the copyright is held, . . . the impact of a willful infringement is necessarily directed there as well." *Id.*, at 679.

The Court must take the uncontroverted allegations in the complaint as true, and resolve conflicts between the facts contained in the parties' affidavits in favor of the plaintiff for purposes of deciding whether a prima facie case for personal jurisdiction exists. *American Tel. & Tel. Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996).

The following facts are taken from plaintiffs' complaint and Illes' affidavit filed in opposing the motion to dismiss for lack of personal jurisdiction. FYI mediaworld is a Nevada partnership located in Clark County, Nevada, and Illes is an individual residing in Clark County, Nevada. Bevee is a Washington limited liability corporation with its principal place of business in Seattle, Washington, and both Muir and Levy are individuals residing in Washington. The plaintiffs generally allege that the three defendants are the alter egos of each other.

Illes is a professional photographer who exclusively licenses his photographs to FYI mediaworld. In turn, FYI mediaworld licenses use of the photographs to clients.

In about December 2013, he received correspondence from the defendants seeking the creation of photographs of women's handbags to be used on Bevee's website. In January 2014, he spoke directly with Muir, who indicated the defendants wished to retain Illes' services, the intended use of the photographs, and the price. Muir and Illes agreed that FYI mediaworld would agree to a restricted use license.

The defendants shipped samples of women's handbags to FYI mediaworld in Las Vegas. At the direction of the defendants, Illes photographed the handbags, processed the photographs, and e-mailed proofs to the defendants for review. The defendants requested changes, requiring a second shoot of the handbags. Illes again photographed the handbags, processed the photographs, and e-mailed the proofs to defendants for review. The defendants selected certain photographs for purchase.

Between January and March 2014, FYI mediaworld sent e-mails to the defendants that contained links to the photographs and the restricted use license. The defendants downloaded the photographs and the restricted use license from FYI mediaworld's server. The restricted license expressly provided that the images could not be "uploaded to social media sites or third party websites, without written consent of Frank Illes, FYI mediaworld Photographic or its assigns or representatives." Each photograph licensed to Bevee included a copyright notice and contact information for Illes. FYI also e-mailed invoices to the defendants, which invoices identified "Frank Illes [as] the sole owner of all copyrights to all images created by Frank Illes," and further indicating that the "[p]ricing includes certain specific image use licensing, as granted by Frank Illes."

Following the creation of the photographs, Illes submitted a copyright application to the United States Copyright Office to federally register the works of art on or about March 18, 2014.

The plaintiffs allege that the defendants subsequently uploaded at least seven of the licensed photographs to social media and third-party websites.

Construing the facts favorably to the plaintiffs, the Court finds that the plaintiffs have met their burden as to Bevee, but not as to either of the individual defendants.

As in *Washington Shoe*, the determination whether the plaintiffs have alleged that the defendants engaged in an intentional act is straightforward. According to those allegations, Bevee purchased the right to use the photographs pursuant to a restricted use

4

license that precluded them from uploading the photographs to social media or third-party websites. After downloading the photographs and a copy of the restricted use license from the FYI mediaworld server, the defendants uploaded the photographs to social media and third-party websites. The plaintiffs do not specifically identify who uploaded the photographs, but rather attribute the act to the defendants generally. While Bevee, as the corporate defendant that purchased the restricted license, may be held responsible for the acts of its agents and employees, the converse is not necessarily true. That the individual defendants are the sole members of Bevee does not establish, of itself, that the individual defendants are vicariously liable, either as alter egos or in respondeat superior, for the acts of Bevee. Accordingly, the Court finds that Bevee committed an "intentional act" within the meaning of the *Calder* test.

The defendants have also sufficiently shown an express aiming by Bevee. The plaintiffs have alleged that Bevee, through the individual defendants, contacted them in Nevada to have photographs made of its products and to obtain a license to use the resulting photographs. The plaintiffs have shown that they reached an agreement with Bevee, with Bevee agreeing to a restricted use license that would allow it to use the copyrighted photographs. Bevee sent the products to the plaintiffs in Nevada. That the defendants contest whether the alleged act of uploading the photographs to social media and third-party websites was "willful," does not establish that the act was not willful. Rather, the Court must construe the plaintiffs' allegations in favor of the plaintiffs and find that Bevee expressly aimed its intentional act at Nevada.

Finally, the plaintiffs have sufficiently alleged harm that Bevee knew would be suffered in Nevada (or recklessly disregarded that it would be suffered in Nevada). "It is foreseeable that the loss will be inflicted both in the forum where the infringement took place . . . where the copyright holder has its principal place of business." *Washington*

*Shoe*, 704 F.3d at 679.  The plaintiffs have alleged facts that Bevee knew that the plaintiffs, including the holder of the copyright, were located in Nevada.

Similarly, the Court finds that the plaintiffs have shown that the claim arises out of or relates to Bevee's forum-related activities.  Bevee contacted Illes in Nevada, and paid him, to create photographs.  Bevee sent items to Illes in Nevada to be photographed.  Bevee reviewed the proofs provided by Illes, and directed Illes to re-shoot the photographs. Bevee entered into an agreement with FYI mediaworld, an entity located in Nevada, to purchase a restricted license to use those photographs.  Bevee downloaded the photographs and licenses from FYI mediaworld's servers, which were located in Nevada. The plaintiffs' claim against Bevee arises from the infringing uses of those photographs.

Accordingly, the Court finds that the plaintiffs have that the Court has personal jurisdiction over Bevee, but have not shown that the Court has personal jurisdiction over either of the individual defendants.  As such, the burden shifts to Bevee to present a compelling case that jurisdiction in Nevada is not reasonable.  It has not done so.

For the same reasons, the Court also finds that venue is proper in Nevada.

Accordingly, for good cause shown,

THE COURT **ORDERS** that Defendants' Motion to Dismiss or, Alternatively, to Transfer Venue (#11) is GRANTED as to the individual defendants, Sasha Muir and DT Levy, and is DENIED as to Bevee.

THE COURT FURTHER **ORDERS** that the claims against the individual defendants, Sasha Muir and DT Levy, are DISMISSED for lack of personal jurisdiction.

DATED this \_\_13\_\_ day of March, 2015.

_____
Lloyd D. George
United States District Judge

6