GORDON SILVER
JOHN L. KRIEGER
Nevada Bar No. 6023
Email: jkrieger@gordonsilver.com
JUSTIN J. BUSTOS
Nevada Bar No. 10320
Email: jbustos@gordonsilver.com
JOEL Z. SCHWARZ
Nevada Bar No. 9181
Email: jschwarz@gordonsilver.com
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89169
Tel: (702) 796-5555
Fax: (702) 369-2666

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| FYI MEDIAWORLD PHOTOGRAPHIC, a Nevada partnership; and FRANK ILLES, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> BEVEE, LLC, a Washington limited liability company; SASHA MUIR, an individual; and DT LEVY, an individual, <br><br> Defendants. | CASE NO. 2:14-cv-0541-LDG-PAL |

## STIPULATED PROTECTIVE ORDER

Plaintiffs, FYI mediaworld Photographic and Frank Illes (collectively, "Plaintiffs"), and Defendants, Bevee, LLC, Sasha Muir, and DT Levy (collectively, "Defendants"), through their respective counsel, hereby stipulate and agree to the following Protective Order pursuant to Federal Rule of Civil Procedure 26(c):

1. <u>Definitions</u>:

    (a) "Confidential Information" means any information, document, electronic data, testimony, or inspection that is designated and/or marked as "CONFIDENTIAL" in good faith by the party producing the materials. Any information, document, electronic data, testimony, or

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103526-011/7709549

1 of 10

inspection produced by a party in this litigation may be designated and marked as Confidential Information; provided, however, that notwithstanding any such designation or marking, Confidential Information does not include information that is readily available, in the public domain at the time it was communicated, and/or publicly disclosed by the party producing it.

(b)   "Qualified Persons" means:

(i)   attorneys of record for the parties and persons employed by the law firm of the attorneys of record who are assigned by the attorney of record to perform work for the attorney on the matter;

(ii)   a party or any representative of a party responsible for or involved in the conduct of this litigation, provided that Confidential Information disclosed to any such person shall be limited to that which reasonably relates to his or her role in the litigation;

(iii)   stenographic reporters performing work related to this litigation;

(iv)   expert witnesses or prospective expert witnesses, except that Confidential Information disclosed to such persons shall be limited to that reasonably necessary for them to form an opinion or prepare their testimony as to the matters about which the attorney retained or may retain them;

(v)   consultants retained by the parties to assist the attorneys of record, except that Confidential Information disclosed to such persons shall be limited to that which reasonably relates to the issues or subjects of the consultation;

(vi)   persons reasonably expected to testify at a hearing or trial, except that Confidential Information disclosed to such persons shall be limited to that which is reasonably necessary for their testimony or its preparation; and

(vii)   such persons as hereafter are qualified to receive Confidential Information by Court order or agreement of the parties.

2.   <u>Use and Disclosure</u>:

(a)   Absent a specific order by this Court, or written permission from the designating party, information once designated as Confidential Information shall be used by Qualified Persons solely in connection with this litigation, and not for any business, competitive, or

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103526-011/7709549

governmental purpose or function and such information shall not be disclosed to anyone except as provided herein.

(b)     Confidential Information shall not be disclosed to anyone other than a Qualified Person.  Prior to disclosure, each Qualified Person, except those identified in paragraphs 1(c)(i), (ii), (iii), and (vi), shall first execute an acknowledgment in the form attached as **Exhibit A**. The original executed acknowledgment shall be retained by the attorney disclosing the Confidential Information, and a copy thereof forwarded to the opposing attorney.

(c)     In the event that Confidential Information is disclosed to a person who is not authorized to receive it, such disclosure shall not affect the confidentiality of the information or of other properly designated materials. The party and/or person disclosing the information shall immediately notify the attorney of record for the other party about the substance and content of the information disclosed and the identify of all recipients of such information, and shall make all reasonable efforts to have all recipients return all information disclosed and/or execute an acknowledgment in the form attached hereto as **Exhibit A**.

(d)     Anyone who has Confidential Information shall maintain it in a locked filing cabinet, briefcase, or other secure and enclosed storage receptacle, except when the information is in active and immediate use.

3.     Discovery Proceedings:

(a)     All answers to interrogatories, requests for the production of documents and things, requests for admissions, and all documents or things produced, which constitute, comprise or contain Confidential Information shall be so identified and marked prominently by the disclosing party. Such identification or marking shall be made at the time that the answer, document or thing is produced.

(b)     In the case of depositions, the attorney of record for the disclosing party shall advise the opposing attorney of record of the specific pages claimed to fall within the terms of this Protective Order either during the deposition or within thirty (30) days of receiving the transcript of the deposition. If not so designated during the deposition, the entire deposition transcript shall remain confidential during that thirty-day period. The entire deposition transcript

**Gordon Silver**
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103526-011/7709549

1   may be designated as Confidential Information if it so qualifies.  Parties to this litigation may

2   attend any deposition, and shall only be precluded from monitoring deposition responses to those

3   questions deemed Highly Confidential during the course of the deposition or in transcripts.

4       (c)    Only Qualified Persons authorized to receive Confidential Information may be

5   deposed with respect to Confidential Information, and only Qualified Persons authorized to

6   receive Confidential Information may be present during such portions of such depositions. A

7   reporter recording any Confidential Information, or incorporating such information into the

8   transcript, shall transmit the transcript only to the attorneys of record for the parties. Such

9   transcripts shall not be filed with the Court, except under the terms set forth herein.

10  4.    <u>Failure to Identify or Mark</u>: If a party produces a document or information constituting,

11  comprising or containing Confidential Information without identifying and marking it as such,

12  the disclosing party may so identify and mark such document or information at any time

13  thereafter without waiver or prejudice to such rights as may thereafter arise under this

14  Agreement.

15  5    <u>Inadvertent Disclosure</u>.

16      If, through inadvertence, a producing party provides any "Confidential" material in this

17  litigation without marking the information as "Confidential," the producing party may

18  subsequently inform the receiving party in writing of the "Confidential," nature of the disclosed

19  information, and the receiving party shall treat the disclosed information in accordance with this

20  Order after receipt of such written notice and make reasonable efforts to retrieve any such

21  material that has been inadvertently disclosed to persons not authorized to receive the material

22  under the terms hereof.  A party objecting to any such designations shall follow the procedures

23  set forth above. Prior disclosure of material later designated shall not constitute a violation of this

24  Order. If "Confidential" material is disclosed to any person other than in the manner authorized

25  by this Order, the person responsible for disclosure must immediately bring all pertinent facts

26  relating to such disclosure to the attention of counsel for the producing party and, if appropriate,

27  to the Court and, without prejudice to other rights and remedies of any party, take reasonable and

28  appropriate measures to prevent further disclosure by it or by the person who was the recipient of

**Gordon Silver**
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103526-011/7709549

such information. The person making such disclosures shall be responsible for any damages caused to the producing party by virtue of such disclosure.

Inadvertent disclosure of privileged or protected trial-preparation materials shall be governed by Fed. R. Civ. P. 26(b)(5)(B).

6. <u>Challenges</u>: The attorney of record for the party receiving Confidential Information may, at any time, give written notice to the attorney of record for the party that produced the information that the receiving party challenges the designation of the information. If the parties cannot resolve the dispute amicably, then the requesting party may file a motion seeking an Order of the Court with respect to the information in question. The party who designated the information shall bear the burden of demonstrating that the designation is appropriate. The party challenging the designation shall treat the information as being properly designated hereunder until the Court rules otherwise.

7. <u>Filing Confidential Information With the Court</u>:

A party seeking to file a confidential document under seal must file a motion to seal and must comply with the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). The Court has adopted electronic filing procedures, and with a few exceptions not applicable here, the Clerk of the Court no longer maintains paper records. Special Order 109 requires the Clerk of the Court to maintain the official files for all cases filed on or after November 7, 2005, in electronic form. The electronic record constitutes the official record of the court. Attorneys must file documents under seal using the Court's electronic filing procedures. *See* LR 10-5(b). That rule provides:

> Unless otherwise permitted by statute, rule or prior Court order, papers filed with the Court under seal shall be accompanied by a motion for leave to file those documents under seal and shall be filed in accordance with the Court's electronic filing procedures. If papers are filed under seal pursuant to prior Court order, the papers shall bear the following notation on the first page, directly under the case number: "FILED UNDER SEAL PURSUANT TO COURT ORDER DATED _____." All papers filed under seal will remain sealed until such time as the Court may deny the motion to seal or enter an order to unseal them, or the documents are unsealed pursuant to Local Rule.

*Id*. Documents filed under seal are not accessible to the public.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103526-011/7709549

If the sole ground for a motion to seal is that the opposing party (or non-party) has designated a document as confidential, the opposing party (or non-party) shall file a declaration establishing good cause for the sealing along with a proposed order, or shall withdraw the designation. The declaration shall be filed within seven days of service on the opposing party (or non-party) of the request for a sealing order. If the declaration is not filed as required, the Court may order the document filed in the public record.

The parties shall comply with the requirements of LR 10-5(b), the Ninth Circuit's decision in *Kamakana,* 447 F.3d 1172, and the procedures outlined above, with respect to any documents filed under seal.

8.      Retention of Jurisdiction. Jurisdiction is to be retained by this Court after final determination of this action for purposes of enabling any party or person affected by this Order to apply to the Court for such direction, order or further decree as may be appropriate for the construction, modification, enforcement or compliance herewith or for the punishment of any violation hereof, or for such additional relief as may become necessary.

9.      Further Order: Nothing herein shall preclude any party from applying to the Court for any appropriate modification hereof; provided, however, that prior to such application, the parties shall certify in writing that they have endeavored unsuccessfully to resolve the matter.

10.     Scope: This Order shall govern only the pretrial proceedings in this matter. The handling of Confidential Information at trial and thereafter shall be governed by a later Court order.

11.     Return of Information: Upon termination of this action and all timely filed direct appeals, the Court shall return all documents containing Confidential Information to the attorney of record for the party who filed such document. Further, upon termination of this action, all materials containing or comprising Confidential Information, and any copies thereof, in the possession of any party, attorney or person shall be returned to the attorney of record for the party who produced the information, or shall be destroyed if the attorney of record for the party who produced the information authorizes such destruction; provided, however, that attorneys of record may retain their attorney work product that contains or comprises such materials. The restrictions of this Protective Order shall continue to apply to any such Confidential Information

**Gordon Silver**
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103526-011/7709549

1   retained by an attorney.

2   12.   <u>Other Proceedings</u>. If any party, attorney or person is requested to disclose Confidential

3   Information pursuant to a subpoena, order of a court of competent jurisdiction, or otherwise, that

4   party, attorney or person shall give notice of such request to the attorney of record of the party

5   who produced the information at least twenty (20) business days prior to any scheduled date for

6   the disclosure of the information. In the event that the period for the requested disclosure is

7   shorter than twenty (20) business days, the party, attorney or person shall give the attorney of

8   record for the party who produced the information immediate notice of the request upon its

9   receipt.

10       IT IS SO STIPULATED.

11   DATED this 20th day of February, 2015.     DATED this 20th day of February, 2015.

12   GORDON SILVER           FABIAN & CLENDENIN, P.C.

14   */s/ John L. Krieger*           */s/ Mark P. Walters*

15   JOHN L. KRIEGER         Jeffrey B. Setness, Esq.
      Nevada Bar No. 6023        601 South Tenth Street, Suite 204

16   JUSTIN J. BUSTOS        Las Vegas, NV 89101
      Nevada Bar No. 10320      Email: jsetness@fabianlaw.com

17   JOEL Z. SCHWARZ
      Nevada Bar No. 9181       Mark P. Walters, Esq. (admitted *pro hac vice*)

18   3960 Howard Hughes Pkwy., 9th Floor  LOWE GRAHAM JONES PLLC
      Las Vegas, Nevada 89169     701 5th Avenue Suite 4800

19                         Seattle, Washington 98104
      *Attorneys for Plaintiffs*       Email: Walters@LoweGrahamJones.com

20

21                         *Attorneys for Defendants*

23               IT IS SO ORDERED:

24               UNITED STATES MAGISTRATE JUDGE

25               DATED:_____March 18, 2015_____

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103526-011/7709549

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| FYI MEDIAWORLD PHOTOGRAPHIC, a Nevada partnership; and FRANK ILLES, an individual, | CASE NO. 2:14-cv-0541-LDG-PAL |
| Plaintiffs, | |
| vs. | |
| BEVEE, LLC, a Washington limited liability company; SASHA MUIR, an individual; and DT LEVY, an individual, | |
| Defendants. | |

**ACKNOWLEDGMENT OF PROTECTIVE ORDER**

I, _____, agree and acknowledge that I am bound by the terms of the Protective Order entered by the Court in the above-captioned matter. I specifically and expressly agree and acknowledge as follows:

1.      I have read the entire Protective Order. I fully understand the terms of that Order, and the obligations that I am entering into pursuant to it.

2.      I agree not to disclose Confidential Information to any other person, except to the extent that I am specifically instructed to do so, in writing, by an attorney of record in this matter.

3.      I agree not to use Confidential Information in any manner whatsoever, except for the sole purpose of performing my responsibilities in this litigation. In other words, I agree to use Confidential Information solely for the specific purpose of this litigation. I agree that, after this litigation ends, I will immediately return any and all Confidential Information within my possession, custody or control to a counsel of record in this case without retaining any copy.

**Gordon Silver**
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103526-011/7709549

1        4.     I agree that I will submit to the jurisdiction of this Court, and that, if I breach the

2  terms of the Protective Order, I will be subject to civil sanctions in this Court.

3        I declare under penalty of perjury that the foregoing is true and correct.

_____

**Date**_____

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103526-011/7709549